## WILLIAM WILLIAMS *vs.* JOHN HICKMAN.

A purchaser at a constable's sale is not bound to see that *all* the proceedings are regular, unless objection be made on the return of the process.

He must, however, show a judgment and execution authorizing the sale.

A constable levying on goods makes his own appraisement under his general official oath, and need not be specially sworn to each inventory.

TROVER for a crop of corn. Plea, "non cul."

The defendant bought the corn in question at a constable's sale, as the property of one Hand. He now defended as such purchaser, and produced the record of a judgment against Hand before justice Hammersley, and a fi. fa. and vend. exponas issued thereon. The fieri facias was returned thus: "execution returned with an inventory per order of plaintiff."

It was objected that this was not a good levy to warrant a sale,

because there was no appraisement returned. The act of 1825, (*Digest*, 339, *sec.* 15,) required that all goods taken in execution should be *inventoried* by the constable and *appraised* by two freeholders, appointed and *sworn* by him; that no sale should be made till ten days after such *appraisement*, and that the execution should not bind until the appraisement. The act of 1835, (8 *Del. Laws*, 361,) repeals only so much of the former law as required the appraisement to be made by two freeholders; and directs " that hereafter, such appraisement shall be made by the officer taking said goods and chattels in execution."

It was answered, that the inventory returned by the constable was in fact an " appraisement" also, as the value of the articles inventoried was set down by the constable, and so returned. Since the constables are authorized to make the appraisement as well as the inventory, in their short returns they speak only of the inventory as including both; and if the court sees that an appraisement has been made, they will sustain the proceedings.

*Per Curiam.*—The original act directs an inventory *and* appraisement. There can be no legal sale without an appraisement. The act of 1835 only alters the case as to the mode of appraisement. Do these papers then show an appraisement? This inventory carries out the value of the goods, but whose estimate is this? The constable certified the inventory but not the appraisement. Without any thing further appearing, we should hold that there is no sufficient evidence of appraisement.

But here is a purchaser of goods sold under execution process; and it is a serious question, whether he is to be affected by this irregularity. Is the purchaser of goods at a constable's sale, bound to show every thing regular in the proceedings to make out his title to the goods purchased? He must show a judgment and execution, but must he show that the constable regularly returned an inventory and appraisement, and that all the other requisites of the law were obeyed; or were these matters to be objected to before the justice? We think the latter. We cannot agree so far to involve the interests of purchasers at these sales, as to hold them to this strictness. If we did, no one would purchase at these sales.

The defendant then called the constable, who proved that he made the appraisement as well as the inventory. Question by Mr. Frame. Were you sworn to the appraisement? Answer. I was not, and do not know who was to swear me. The constable swore the appraisers under the old law, but he is now made his own appraiser. Under this act, it is not the custom for the constable to be sworn to each appraisement.

*Court.*—We dispose of this objection as we did of the others. This matter ought to have been objected to before the justice; and, if it was not, we cannot hold a purchaser responsible for irregularity in the appraisement.

But we don't know that the law does require the constable to be specially sworn to each appraisement. He is to make the appraisement on oath; but he is sworn to perform all his duties with fidelity, and this is a duty imposed upon him by the law. We do not see, therefore, that the requirement of the law is not satisfied by the general official oath of the constable.

The act does not in terms require the constable to be on oath in making the appraisement, any more than in making the levy; and if it does in its spirit, it is sufficient that the constable, in all his official acts, is under oath to perform them with fidelity.

Evidence admitted.

The plaintiff afterwards suffered a nonsuit.

*Frame* and *Bates,* for plaintiff.

*C. G. Ridgely* and *Houston,* for defendant.